**Gour G. BHADURI, Plaintiff–Appellee–Cross–Appellant,**

v.

**SUMMIT SECURITY SERVICES, INC., Defendant–Appellant–Cross–Appellee.**

**Nos. 06–5526–cv, 07–0851–cv.**

United States Court of Appeals, Second Circuit.

April 21, 2008.

Gour G. Bhaduri, pro se, Brooklyn, NY, for Plaintiff–Appellee.

Alan M. Sclar, Esq., Silverman Schlar Shin & Byrne, New York, NY, for Defendant–Appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Gour G. Bhaduri appeals from judgment entered by the United States District Court for the Southern District of New York (Baer, *J.*) on January 17, 2007, dismissing with prejudice his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1964, 29 U.S.C. § 621, *et seq.* ("ADEA"), after a bench trial. Summit Security Services, Inc. seeks to withdraw its cross-appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. We review the district court's legal conclusions *de novo* and its findings of fact for clear error. *See, e.g., United States v. Coppola,* 85 F.3d 1015, 1019 (2d Cir.1996).

Bhaduri's hostile work environment claim was time-barred. The only instance of harassment substantiated by the record occurred in October 2001. Bhaduri's February 28, 2005 EEOC charge of discrimination was filed long after the statutory time limit had expired. *See* 42 U.S.C. § 2000e–5(e)(1) (requiring that claimants file an EEOC charge of discrimination within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged discriminatory action); *see also Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996)

("This statutory requirement is analogous to a statute of limitations.").

To establish a *prima facie* claim of wage disparity under either Title VII or the ADEA, a plaintiff must demonstrate that (1) he belongs to a protected class, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *See Sanders v. New York City Human Res. Admin.,* 361 F.3d 749, 755 (2d Cir.2004). But Bhaduri failed to establish that he suffered any adverse employment action. Indeed, Bhaduri was the highest paid employee at his assigned worksite, and he never requested to be transferred to a site at which he would have been paid more.

As Bhaduri succeeded neither in timely charging discrimination under Title VII nor in establishing a *prima facie* case of wage discrimination under either Title VII or the ADEA, his claims were properly dismissed.

We have considered Bhaduri's remaining arguments and find them to be without merit. Bhaduri's submission of documents that are not in the district court record is construed as a motion to supplement the record, and is denied. For the foregoing reasons, the judgment of the district court is **AFFIRMED.** Summit's cross-appeal is **DISMISSED.**